**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **JOHN STEEL and JUDY STEEL,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **No: 2:25 CV 457** |
| | ) |
| **THREE D STRUCTURAL LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**OPINION and ORDER**

This matter is before the court on plaintiffs John Steel and Judy Steel's motions to

remand (DE ## 8, 24), and defendant Berkley Regional Specialty Insurance Company's

("Berkley") motion to dismiss for lack of jurisdiction. (DE # 12.) For the reasons that

follow, the court denies the motions to remand and grants the motion to dismiss.

## I.    BACKGROUND

On August 15, 2025, plaintiffs filed an action seeking declaratory judgment in the

Porter Superior Court, under cause number 64D05-2508-PL-009193. (DE # 3.) According

to the complaint, plaintiffs contracted with defendant Three D Structural, LLC ("Three

D") for the stabilization of plaintiffs' residential home's foundation. (*Id.* at 2.) Plaintiffs

allege that Three D was negligent in completing this work, resulting in damage to

plaintiffs' property. (*Id.*) Plaintiffs requested a declaratory judgment holding that

Berkley insured Three D against liability for property damage at the time Three D

committed the alleged negligence, and therefore Berkley must indemnify Three D if

plaintiffs are awarded any damages in an underlying lawsuit the plaintiffs have filed

against Three D in the Porter County Circuit Court, under cause number 64D01-1510-PL-8579. (*Id.* at 2-3.)

On October 2, 2025, Berkley removed the complaint to this court, claiming that this court will have diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332, once the parties are realigned according to their real interests in the case or if Three D is dismissed for having been fraudulently joined as a defendant.[1] (DE # 1 at 4.) In the notice of removal, Berkley claimed that plaintiffs and Berkley are citizens of different states (Berkley being a citizen of Delaware and Arizona, and plaintiffs being citizens of Indiana), but that it appeared that Three D is also a citizen of Indiana because its sole member, Jason Quick, is a citizen of Indiana. (*Id.* at 3.)

Plaintiffs filed a motion to remand, arguing that there was not complete diversity in this case and therefore the court could not exercise diversity jurisdiction. (DE # 8.) Berkley filed a motion to dismiss for lack of jurisdiction, on the basis that plaintiffs' complaint regarding Berkley's duty to indemnify is not ripe for adjudication because there has not yet been any finding of liability in the underlying lawsuit against Three D. (DE # 12.)

Berkley was granted leave to conduct jurisdictional discovery as to the citizenship of Three D. (DE # 15.) After conducting such discovery, Berkley filed a supplemental jurisdictional statement arguing that Daniel Scarberry is the sole owner of Three D and while he owns property in Indiana, he is a citizen of Florida. (DE # 23.)

---

[1] Three D has been served, but has yet to appear in this action.

2

Plaintiff filed a second motion to remand, challenging the sufficiency of Berkley's proffered evidence. (DE # 24.) In its response to the second motion to remand, Berkley submitted additional evidence, including a declaration from Daniel Scarberry stating that he is the sole member of Three D, that his principal residence is in Florida, that while he owns homes in Indiana and South Carolina, the majority of his time is spent in Florida, that Florida is his domicile and that he intends to reside indefinitely in Florida.[2] (DE # 25-1.) Berkley also submitted Scarberry's deposition testimony from an unrelated case, in which Scarberry testified under oath that while he spends "quite a bit of time" in South Carolina and Indiana, Florida is his "home." (DE # 25-2 at 7.)

Plaintiffs did not file a reply and their time to do so has passed. *See* N.D. Ind. L.R. 7-1(d). The motions before the court are ripe for adjudication.

## II.    DISCUSSION

### A.    *Motion for Remand*

Unless Congress provides otherwise, a state claim can be removed to federal court only if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998). "Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely. 28 U.S.C. § 1446." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's

---

[2] "To determine whether subject matter jurisdiction exists, a court may look past the complaint to any pertinent evidence." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 376 (7th Cir. 2019).

3

choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount-in-controversy requirements are met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Complete diversity exists when no defendant shares the same state citizenship as any plaintiff. *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021).

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Citizenship, for natural persons, "depends on domicile—that is to say, the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

The unrebutted evidence Berkley submitted from Scarberry regarding his citizenship satisfies Berkley's burden of proving complete diversity jurisdiction. Plaintiffs have provided no answer to this evidence, and no reason why this evidence should not establish that Scarberry is a citizen of Florida. Accordingly, the court will deny the motion to remand.

> B.    *Motion to Dismiss*

Berkley moves to dismiss this case on the basis that the question of its duty to indemnify Three D is not yet ripe for adjudication because there has been no finding of liability against Three D in the underlying lawsuit. Berkley argues that this court therefore does not yet have jurisdiction over this matter.

The Declaratory Judgement Act provides: "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies.' The phrase 'case of actual controversy' in the Declaratory Judgment Act 'refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III.' " *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (internal citations omitted).

Ripeness is one aspect of the case-or-controversy requirement. *Id.* A declaratory judgment suit is ripe when " 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Cent. States, Se. & Sw. Areas Health & Welfare Fund by Bunte v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 451 (7th Cir. 2016) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The general, though not absolute, rule is that the question of indemnity should be postponed until the underlying liability has been established. *Amling*, 943 F.3d at 379; *see also Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("We regularly say that decisions about indemnity should be postponed until the underlying liability has been established."); *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010) (duty-to-indemnify claim would "not be ripe until liability has been established"). "The general rule exists because, until a case proceeds to judgment, 'the precise ground of liability, and thus the relation of the insured's liability to the policy's coverage and exclusions, is uncertain.' " *Amling*, 943 F.3d at 379 (quotation marks and citation omitted).

Two separate questions arise under the ripeness inquiry in a declaratory judgment matter: (1) whether there is Article III jurisdiction to consider the matter; and (2) whether the court should consider the matter. The Declaratory Judgment Act "says only that the court '*may* declare the rights and other legal relations of any interested party, not that it *must* do so.' " *Haze v. Kubicek*, 880 F.3d 946, 951 (7th Cir. 2018) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007)) (emphasis in original). The statute provides district courts with substantial discretion in deciding whether to declare the rights of litigants. *Id*.

"Among different threshold grounds for denying audience to a case on the merits, there is no mandatory priority." *Amling*, 943 F.3d at 379 (quotation marks and citation omitted). Thus, a court need not decide that a declaratory judgment actions

6

presents a "case of actual controversy" before exercising its discretion not to decide it. *Id.*

The court concludes that the general rule is appropriate in this case and declines to decide the issue of indemnity prior to a determination of Three D's liability in the underlying lawsuit. An issue is more likely to be ripe for review if it presents a purely legal, rather than factual, question. *T.H.E. Ins. Co. v. Olson*, 51 F.4th 264, 270 (7th Cir. 2022). Here, the parties' briefs focus on the factual disputes in the underlying lawsuit, but the court is ill-equipped to assess the strength of the plaintiffs' case in the underlying lawsuit. Plaintiffs' brief, in particular, repeatedly urges this court to evaluate the underlying factual dispute. (*See e.g.* DE # 16 at 4-5; "There is a nearly One Hundred Percent Likelihood that 3D's negligence caused the issues with the Property;" "The Court's independent review of the various expert reports . . . should allay any concerns the Court may have that Plaintiffs' damages, and 3D negligence, are in question."). The underlying case between plaintiffs and Three D has been pending for 10 years, and appears to involve conflicting expert reports on complex issues of causation.

While courts have sometimes determined the question of indemnity prior to a finding of underlying liability, those cases often involve questions of disputed policy interpretation or other questions of law. *See e.g. T.H.E. Ins. Co.*, 51 F.4th at 270 (affirming district court's finding that indemnity case was ripe where court's conclusion hinged on policy interpretation, not factual issue). Here, the parties emphasize their disputes over Three D's alleged negligence and the cause of the home's foundation problems. Neither

party has argued that the dispute in this case hinges on a policy interpretation or other legal issue. In fact, neither party has provided the court with the policy at issue.

If plaintiffs do not prevail in the underlying lawsuit, any declaratory judgment issued by this court would be irrelevant. In the interest of conserving judicial resources, the court declines to exercise jurisdiction over this matter at this time. *See Lear Corp.*, 353 F.3d at 584 ("Waiting to see the outcome in Mississippi may be aggravating for Lear, but it has value from the judiciary's perspective—and that is one permissible consideration in the declaratory-judgment calculus. No one has a legal entitlement to declaratory or other equitable relief in circumstances such as these."); *Cont'l Cas. Co. v. Cantor Colburn LLP*, No. 1:23-CV-01100-RLY-MG, 2024 WL 5826145, at *5, n.3 (S.D. Ind. Aug. 23, 2024) (noting that even if the issue were ripe, the court would decline to exercise its discretion to decide the issue until underlying liability was established).

Plaintiffs argue that the court has jurisdiction over this case pursuant to *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992). *Bankers Trust* does not aid plaintiffs. First, *Bankers Trust* is another example of a case where the question of indemnity was ripe prior to a finding of underlying liability because the dispute was legal, rather than factual. Second, while the Court in *Bankers Trust* determined that there was Article III jurisdiction over the matter, the Court explicitly reserved the choice of whether to exercise that jurisdiction to the district court on remand. *Id.* at 682. As discussed above, in this case the court declines to exercise its discretionary power to resolve this matter prior to a finding of liability in the underlying suit.

8

Finally, plaintiffs ask the court to stay, rather than dismiss, this case until there is a resolution in the underlying case. The Seventh Circuit has made clear that district courts should dismiss without prejudice, rather than stay, unripe indemnity claims. *Med. Assur. Co.*, 610 F.3d at 375.

## III.    CONCLUSION

For the foregoing reasons, the court **DENIES as moot** plaintiffs' motion to remand. (DE # 8.) The court **DENIES** plaintiffs' second motion to remand. (DE # 24.) The court **GRANTS** defendant Berkley Regional Specialty Insurance Company's motion to dismiss (DE # 12), and **DISMISSES** this case **without prejudice**.

**SO ORDERED.**

Date: July 1, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT